DowNey, Judge,
delivered the opinion of the court:
Under the facts found it seems scarcely necessary to consider or determine the character of the sale or what the plaintiff’s rights might be if it had elected to stand on its contract of purchase and sue for such damages as it might be entitled to by reason of a breach of the contract, if there was in fact a breach. This it has not done, and its remedy must be determined in the light of the 'facts presented. When the horrible condition of the goods sold and shipped abroad was ascertained and attention of representatives of the United States called thereto, and an investigation made by foreign representatives of the United States which confirmed the reports as to that condition, the United States refunded to the Manufacturers’ Union the full purchase price for said goods and said Manufacturers’ Union accepted said refunds. This clearly worked a rescission of the contract, and it is well settled that one having elected to rescind may not thereafter sue upon the contract as for a breach. There are some circumstances under which a purchaser electing to rescind may be entitled to something else than the refunding of the purchase price actually paid, but the elements of damage sought to be recovered here are all of the nature which might be recovered only, if at all, in an action for a breach of the contract, and are barred from consideration in case of rescission, as here. There was resultant damage to the Manufacturers’ Union growing out of this transaction, in which it was apparently acting in good faith, but its election of a remedy by way of rescission precludes any other.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.